JUDGE HARDIN
delivered the opinion of the court.
Joseph Rich died on the 20th day of December, 1863, leaving a will, by which he devised his residence and a lot of ground in the city of Covington to his son, J. C. Rich, and his daughter, Eliza Rich, who resided with him at the time of his death, and remained in possession of the property afterward. He had been three times married, and left children and descendants of his first marriage, as well as said J. C. and Eliza Rich, his children of his second marriage; but he had no children by his last wife, Amelia Rich, who had obtained a decree of separation from him “ from bed and board,” and lived apart from him at the time of his death.
On the 26th of July, 1865, said Amelia Rich, for whom the will of her deceased husband made no provision, filed her petition in equity against the administrator, with the will annexed, and devisees of Joseph Rich, deceased, claiming rent at the rate of three hundred and fifty dollars per annum for the mansion-house and curtilage, which the defendants, J. C. and Eliza Rich, had occupied as devisees under the will from the death of their father; also claiming to have her dower allotted, and to recover her share in the distribution of the personal estate.
The suit was consolidated, and finally tried with another involving a settlement of the estate of Ephraim Rich, deceased, *55 a son of Joseph Rich, deceased, in which a large demand was asserted by the administrator and heirs of Ephraim Rioh against the estate of Joseph Rich; and an appeal was prosecuted from the judgment by the representatives of Ephraim Rich, deceased, as well as by Amelia Rich. But an abatement, which has resulted from the death of Ephraim Rich’s administrator, leaves now only for revision so much of the judgment as alone concerns the appellant, Amelia Rich, and J. C. and Eliza Rich, with reference to rents and the claim to dower.
As to dower, it being ascertained to be impracticable to so divide the property as to allot dower to the appellant in the usual mode, and the devisees of the property not resisting a recovery against them for the then present value of such estate as the appellant might have in the property, and she being-entitled to dower notwithstanding the divorce a mensa et thoro (2 R. S. 22), the court, on the basis of a commissioner’s report estimating the value of the property and the probable life of the appellant, adjudged, as we think correctly, that she recover $447.60 in lieu of her dower. The court further adjudged that the appellant recover one hundred and twenty dollars for rent of the property from the death of Joseph Rich till the 18th of June, 1867 — the date at which the value of her dower was estimated. This was not enough according to the commissioner’s report, which the court seems to have meant to adopt. The commissioner’s report of the annual rent of the property was one hundred and eighty dollars, amounting to six hundred and thirty dollars on or about the 18th of June, 1867, which seems to be sustained by the weight of the evidence; and on the basis that the appellant was entitled to one third of that sum only, she was entitled to two hundred and ten dollars, instead of one hundred and twenty dollars, the sum adjudged to her for rent.
But it is insisted for the appellant that as her dower had *56 not been assigned to her, the court erred in not adjudging to her the entire value of the use of the mansion-house and curtilage from the time Joseph Rich died.
' Section 9 of article 4, chapter 47, of the Revised Statutes, is as follows: “ The wife shall be entitled to one third of the rents and profits of her husband’s dowable real estate from his death until dower is assigned; and she shall hold the mansion-house and curtilage without charge therefor until dower is assigned to her out of the estate devised or descended.”
This provision is, so far as it relates to the mansion-house and curtilage, a substantial re-enactment of the first section of the act of 1796, “concerning the dower and jointure of widows” (1 M. & B. 573); under which this court, in Burk’s heirs v. Osborn, 9 B. Monroe, 579, held that “the widow is secured in the enjoyment, free of accountability, of the mansion-house and premises attached to it by occupancy, or by renting and receiving the issues.” “But if without being deforced she leave the premises unoccupied and uncontrolled by her — that is, if she abandon them and the heirs take possession — she has no right or remedy under this provision of the statute, but can claim her dower only and one third of the annual value.”
In this case the appellant being separated from her husband, and not having her residence with .him at his death, nor afterward proposing to occupy the property as her home, there is certainly as little ground for the application of the conservative principle of the statute which exempts widows remaining in the occupancy of their former residences from the payment of rent until dower is assigned, as there could have been in the case referred to. And if the construction of the present statute were doubtful as an original question, we regard it as authoritatively settled by the adjudications under the act of 1796. The appellant was entitled to one third of the value of the use of the property as rent, and no more. •
*57 But for the error suggested in fixing the sum due as rent at one hundred and twenty dollars instead of two hundred and ten dollars, the judgment is reversed, and the cause remanded for a judgment in conformity to this opinion.