## Smith, et al. v. American Tobacco Company

(Decided October 2, 1912.)

### Appeal from Daviess Circuit Court.

Dower—Where Wife Does Not Join in Deed—Husband Owning Other Land at Death—How Dower Assigned.—Where the husband sells land without warranty, his wife not joining in the deed, and he dies owning other land, the widow cannot be required to take her entire dower out of the land falling to the heirs, but should be assigned her dower separately out of the land that was sold and the land descending to the heirs.

LITTLE & SLACK for appellant.

DEAN & DEAN and WEIR & WEIR for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

In the year 1890 Peter F. Smith, being indebted to the Deposit Bank of Owensboro, in the sum of four thousand five hundred ($4,500) dollars executed a mortgage to it on some real estate he owned in Owensboro, to secure the debt, his wife, Lizzie F. Smith, not uniting in the mortgage. He failed to pay the debt and the bank brought suit against him to foreclose the mortgage, his wife not being a party to the suit. Judgment was entered in the action and the property was sold and bought by the bank. The mortgage contained no convenant of warranty. The bank, after getting its deed, sold the property to another and it is now owned by The American Tobacco Company, who purchased it after it had passed through several other hands. In 1899 P. F. Smith obtained a discharge in bankruptcy and in 1902 he acquired real estate of the vaue of seventeen thousand ($17,000) dollars by gift from his mother. He sold some of this land and afterwards died the owner of the greater portion of it. Lizzie F. Smith, his widow brought this suit after his death, against The American Tobacco Company, to recover her dower in the real property which had been sold under the mortgage in which she did not join and in which there was no covenant of warranty. The bank, by way of defense, pleaded in substance, that Peter F. Smith, at his death, owned in fee simple enough real estate to allow the widow to have her dower in it and in the mortgaged property alloted her out of it. She de-

murred to the answer and her demurrer having been overruled she stood by the demurrer and her petition was dismissed. She appeals.

Section 2132, Kentucky Statutes, provided:

"After the death of either the husband or wife the survivor shall have an estate for his or her life in one-third of all the real estate of which he or she, or any one for his or her use, was seized of an estate in fee simple during the coverture, unless the right to such dower or interest shall have been barred, forfeited or relinquished."

At common law the widow was entitled, at her election, to have dower assigned her in each separate tract of land owned by the husband during coverture (Fosdich v. Gooding, 10 Am. Dec., 25; Thomas v. Hesse, 84 Am. Dec., 66, and notes), but courts of equity, where the land had been conveyed with waranty, departed from this rule and required the widow to take her dower upon equitable principles and to accept an assignment of the whole of her dower out of one or more tracts where this was necessary to prevent circuity of action. (20 Am. and Eng. 183; Richmond v. Harris, 102 Ky., 389 and cases cited.) To relieve the hardship of the common law rule it was provided in this State by the Statute of 1835, as follows:

"That it shall not be required, in allotting and assigning to widows their dower, in the lands of their deceased husbands, to give them one third part of each separate tract and parcel of land; but dower may be lawfully assigned, by giving them one third part of all the husband's lands, in one or more parcels, as will best suit the interests of all parties: Provided, that when dower is claimed in lands aliened or devised to different persons, that dower shall be assigned, as heretofore, out of each separate tract." (Loughborough's Stat. Laws, p. 214.)

This provision was brought over in the revised statutes and from them into the general statutes and Kentucky Statutes and made read as follows:

"When the lands are not held by different devisees or purchasers, it shall not be necessary to assign dower out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole." (Kentucky Statutes, sec. 2141.)

The purpose of the revision appears not to have been to change the sense of the original act but simply to

shorten the language. In Lawson v. Morton, 6 Dana 471; Morgan v. Conn, 3 Bush 58; Richmond v. Harris, 102 Ky., 89, it was held that where the husband had sold the land with warranty, the widow, to prevent circuity of action would be required to take her dower out of the unsold land where this could be done without any injustice to her. In all of these cases there was a warranty by the husband and they all rest upon the ground that if the purchaser's land was taken by the widow as dower the heir would be liable to him and that to prevent circuity of action her dower should all be assigned out of the land falling to the heir. But, in the case at bar there was no warranty and the heir is in nowise liable to the bank if it loses a part of the land it purchased. To require the widow to take her whole dower out of the land which descended to the heirs would be to throw upon them the entire burden of the widow's dower, although they are in nowise responsible to the bank or the American Tobacco Company. To illustrate: If the mortgaged property was worth twenty thousand ($20,000) dollars, and the land descending to the heirs was worth ten thousand ($10,000.00) dollars, to give the widow her dower in the whole out of the heirs' land would be to take it all from them and leave nothing of the real estate until her death. This is not the meaning of the statute. Its purpose was simply to do away with the common law rule requiring dower to be assigned out of each tract and to allow dower in the whole land to be assigned out of one tract where this could be done without injustice to any of the parties, but the whole burden cannot be placed upon one purchaser or one devisee, or one heir rather than another, and where the heirs are in nowise liable to the purchaser the whole burden cannot be placed upon them. When the bank bought at the judicial sale, it simply obtained Peter F. Smith's title, and it had notice that the widow's right of dower did not pass. The purchaser from it only took its title and so neither has any equity to demand that the entire burden of the dower shall be placed upon the heirs.

The case of Brand v. Brand, 144 Ky., 334, turned upon a fraudulent deed and was simply an application of the equitable rule that "He who comes into equity must come with clean hands."

Statutes similar to ours are in force in a number of other States, and they have received there the construction we have indicated. (14 Cyc., 1003; Eleason v. Eleason, 3 Del., ch. 260; Montgomery v. Horn, 46 Iowa, 285; Longshore v. Longshore, 200 Ill., 470; Cazier v. Hinchey, 143 Mo., 203; Lovery v. Hutchinson, 249 Ill., 86.)

To require the widow's dower to be assigned wholly out of the land received by the heir where, as in this case, the land was sold by the ancestor without warranty, would be to make the heir answerable for the failure of the title of the purchaser as though the ancestor had sold the land with warranty. It is true the heir stands in the shoes of his ancestor, but the ancestor having sold the land without warranty, was in nowise liable to the purchaser for any defect in the title and the ancestor being in nowise liable, no liability to the purchaser exists on the part of the heir. The purchaser has all that he bought, and he cannot complain that the widow's dower which he did not buy is assigned to her.

Judgment reversed and cause remanded for further proceedings consistent herewith.