Dorothy Jane **DOUGHERTY** and Louis F. Baldwin, Executors of the Estate of Allen P. Jackson, Plaintiffs,

v.

**UNITED STATES** of America, Defendant.

No. 1309.

United States District Court
E. D. Kentucky, Lexington.
Aug. 17, 1959.

S. Russell Smith and Kirby A. Scott, Louisville, Ky., for plaintiffs.

Henry J. Cook, U. S. Atty., Lexington, Ky., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Herbert L. Awe, Attys., Dept. of Justice, Washington, D. C., for defendant.

HIRAM CHURCH FORD, Chief Judge.

By this action plaintiffs, as co-executors of the estate of Allen P. Jackson, seek refund of estate taxes alleged to have been erroneously paid, refund of which was disallowed and denied by the Commissioner. The action involves several items, but by stipulation of the parties the only question presented for present consideration is that which arises from the plaintiffs' contention that under Section 812(e) (1) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1), as amended, the marital deduction to which the estate of Allen P. Jackson was entitled in the computation of estate tax included an item of $28,-567.98 representing the cash value of the widow's dower interest in her deceased husband's dowable real estate.

The pertinent facts are not in dispute. Allen P. Jackson died testate a resident of Clark County, Kentucky, on August 1, 1954. His will was duly probated by the Clark County Court on August 6, 1954. On August 10, 1954, Nancy Jackson, the surviving widow of Allen P. Jackson, in the manner provided by Kentucky Revised Statutes, Section 392.080, renounced the will, relinquished what was given her by it and claimed her dowable and distributable share of her husband's estate, as the result of which, under Section 392.020 of Kentucky Revised Statutes, then in effect, she acquired an estate for her life in one-third of all the real estate of which her husband was seized in fee simple during the coverture, and Section 381.135 prescribed in detail the procedure for allotment of her dower therein.

In respect to the allotment of dower as so provided, Section 392.060 provides as follows:

"392.060. *Dower need not be allotted from all parcels.* Where the lands are not severally held by different devisees or purchasers, dower need not be assigned out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole."

Statutory provisions providing for sale of the property, free from dower, upon the order of a court of equity if the property of the decedent was not susceptible of division without materially impairing

its value or the value of the plaintiff's interest therein, and for payment to the widow the cash value of her dower out of the proceeds are as follows:

"389.020. *Sale by court order of realty jointly owned; action for confirmation of sale; action for division and distribution of sale proceeds of property involving life estate and remainder.* (1) A vested estate in real property jointly owned by two or more persons, or owned as set out in paragraph (c) of this subsection and subsection (3) of this section, may be sold by order of a court of equity in an action brought by either of them, though the plaintiff or defendant be of unsound mind or an infant.

"(a) If the share of each owner be worth less than one hundred dollars;

"(b) If the estate be in possession and the property cannot be divided without materially impairing its value, or the value of the plaintiff's interest therein;

"(c) If the estate shall have passed by devise or descent to the widow and heir or heirs of the decedent, and the widow shall have a life right in a portion thereof, either as homestead or dower or by devise and the property cannot be divided without materially impairing its value or the value of the plaintiff's interest therein.

"(2) If any real property held by a widow and heirs of a deceased person as provided in paragraph (c) of subsection (1) of this section, has heretofore been sold by decree of a court of equity and said sale has been confirmed and a deed made by orders of such court, and possession of said property has been taken under said sale and deed, the purchaser thereof or said widow or heir may file a petition in equity in the court in which said land was sold asking the confirmation of said sale, and making all other persons interested

in said property parties thereto; and said court on the hearing thereof shall have the power to confirm said former sale, if it shall appear that no party under disability was prejudiced thereby.

"(3) If the estate shall have passed by devise to one or more persons for life, with directions that at the termination of such life estate the property is to be sold and the proceeds distributed to remainderman or remaindermen in fee, a court of equity in an action brought by either the holder or holders of the particular estate or the distributee or distributees of the remainder interest may sell such property for a division and distribution of the proceeds, if it shall appear that such sale and distribution would be beneficial to all interested parties."

"389.050. *Sale of dower.* If a woman have a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of this chapter, she shall be made a party to the action brought to sell such land, and if she make no defense thereto the court shall order the land sold free from her right: If she make defense thereto the court may order the land sold subject to her right or may order a sale of same free from her right, and if the court order same sold free from her right it shall provide for a reasonable compensation to her out of the proceeds of said sale; or that she shall have the same right in property purchased with the proceeds as she had in the property sold."

The real estate owned in fee simple by Allen P. Jackson at the time of his death consisted of numerous town lots located on various streets in the city of Winchester, Kentucky, upon which were dwelling houses and other buildings.

On September 9, 1955, the widow Nancy Jackson filed an action in the Clark Circuit Court alleging that the numerous separate parcels of real estate left

by her husband in which she had the right of dower were *each* indivisible without impairing their value or the value of the owners' interest therein, praying that each parcel be ordered sold separately, free from her dower, and that "the value of this plaintiff's interest in the proceeds of said sale be admeasured and determined by this Court under the Life Tables and paid to her."

It is noticeable that the complaint, filed by the widow in that action (Exhibit E herein) contains no allegation that considering the various parcels as a whole as authorized by Section 392.060, supra, rather than separately, the property was not susceptible of division.

On January 4, 1956, the court filed a "Memorandum Opinion" embracing "Findings of Facts and Law" which provided that the separate parcels of real estate be sold, free of the widow's dower rights, by the Master Commissioner of the Court, after proper advertising "and that the plaintiff be allowed out of the proceeds of the sale * * * the value of her dower rights, determined and admeasured under the Life Tables * * * *unless an agreement as to the value of her dower rights is entered into between the parties to this action.*" (Stipulation Exhibit G.) (Emphasis added.)

Thereupon on March 13, 1956, the parties filed in the action a stipulation setting out their agreement fixing the value of the real estate at $153,550, that the one-third thereof was of the value of $51,183.34 (Stipulation Exhibit H) and the Court entered judgment that "under the Dower Tables" she is entitled to recover of the defendants, as the value of her dower interest in said real estate, the sum of $28,567.98 and further adjudged "the parties acquiescing therein" that plaintiff have a lien upon the parcel known as Court Street property "to secure her the payment of the cash value of her dower interest." (Stipulation Exhibit I.)

So far as this record shows the award of $28,567.98 to the surviving widow of Allen P. Jackson, as the cash value of her dower in his real estate was not in accord with Kentucky statutory provisions.

### Conclusions of Law

This court has jurisdiction of the subject matter and the parties to this action, 28 U.S.C.A. § 1346.

So far as here pertinent, section 812 (e) of the Internal Revenue Act of 1939, as amended, provides:

"(1) *Allowance of marital deduction.*

"(A) *In general.* An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) *Life estate or other terminable interest.* Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest * * *."

"(3) Definition. For the purposes of this subsection an interest in property shall be considered as passing from the decedent to any person if and only if— * * *

"(C) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent; * * *."

Since under the law of Kentucky the widow's dower is only a life interest which will terminate upon her death and under the provision of Section 812(e) (1) (B), supra "no deduction shall be allowed with respect to such interest," the plaintiffs' right to a marital deduction is left to rest entirely upon their claim that the amount received by or adjudged to the widow constitutes her "statutory interest in lieu" of dower, under section 812(e) (1), (3) (C).

·[1] Without questioning the right of the parties to enter into the agreement shown by their stipulation filed in this record as "Stipulation Exhibit H" or the propriety of the action of the court, in the exercise of its equity jurisdiction in entering judgment accordingly, it seems sufficient to point out that the transaction by which the widow relinquished her dower rights in the estate of her husband for a cash or other satisfactory consideration, without compliance with the statutory requirements does not constitute such consideration received by her a "statutory interest in lieu" of dower, and does not qualify it as "property which * * * passed from the decedent to his surviving spouse," under Section 812(e) (1) of the Code.

The explicit provision of the Code in limiting the allowable deduction "in lieu" of dower to that which is "statutory" seems to preclude extension of such privilege to a computation of cash value of the widow's dower based *not* upon prescribed statutory provisions for sale of the property under order of court. Compare, Commissioner of Internal Revenue v. Sternberger's Estate, 348 U.S. 187, 75 S.Ct. 229, 99 L.Ed. 246.

 The allowance of a tax deduction is a matter of legislative and statutory privilege rather than right (Wolf v. Com'r Internal Revenue, 3 Cir., 264 F. 2d 82, 87,) and one claiming refund for failure of the Commissioner to allow a marital deduction must establish that his demand falls within the specific requirement of the Internal Revenue Code which provides for such deduction. Pipe's Estate v. Commissioner of Internal Revenue, 2 Cir., 241 F.2d 210, 214. This the plaintiffs have failed to do.

The cases upon which plaintiffs rely in support of their claim, Traders National Bank of Kansas City v. United States, 8 Cir., 248 F.2d 667, and United States v. Crosby, 5 Cir., 257 F.2d 515, do not seem apposite. In both cases the state statutory provisions involved were quite different from the Kentucky Statutes. They do not involve the same facts or present the questions here under consideration.

For the reasons indicated, the plaintiffs' claim for refund on account of the Commissioner's disallowance of marital deduction must be denied and their complaint dismissed in that respect.

Let judgment be submitted for entry accordingly.