Dorothy Jane **DOUGHERTY** and Louis F. **Baldwin, Executors of the Estate of Allen P. Jackson, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 14179.**

United States Court of Appeals Sixth Circuit.

July 10, 1961.

332

S. Russell Smith, Louisville, Ky., H. B. Kinsolving, Jr., Shelbyville, Ky., Michael A. Rowady, Winchester, Ky., Smith & Smith, Louisville, Ky., Kinsolving & Kinsolving, Shelbyville, Ky., on brief, for appellants.

Louise Foster, Atty., Department of Justice, Washington, D. C., Howard A. Heffron, Acting Asst. Atty. Gen., Lee A.

Jackson, Atty., Department of Justice, Washington, D. C., Jean L. Auxier, U. S. Atty., Lexington, Ky., on brief, for appellee.

Before MILLER, Chief Judge, and CECIL and O'SULLIVAN, Circuit Judges.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellants, as Executors of the estate of Allen P. Jackson, deceased, filed this action in the District Court to recover federal estate taxes alleged to have been erroneously and illegally collected by the United States following a refusal by the Commissioner of Internal Revenue to allow the estate a marital deduction claimed by the appellants. Their complaint was dismissed by the District Judge and this appeal followed.

The facts in the case are stipulated. The following statement is considered sufficient for the purposes of this opinion.

Allen P. Jackson died a resident of Clark County, Kentucky, on August 1, 1954. At the time of his death he owned an interest in 36 lots in the city of Winchester, Kentucky, upon which were located 32 residences, 6 store buildings and 1 apartment. 26 of these city lots were owned by the decedent individually, 4 were owned by the decedent and Marshall DeShields as tenants in common, and 6 were owned by the decedent and R. R. Craft as tenants in common.

Under the will of the decedent and codicils thereto, which were admitted to probate by the Clark County Court on August 6, 1954, the residence and adjoining lot owned individually by him were devised to his widow, Nancy Jackson. His interest in the six lots which he owned as a tenant in common with Craft was devised to Dorothy Jane Dougherty. The remainder of his estate passed under the residuary clause of his will in trust, one-half of the income to be paid to Nancy Jackson during her life.

On August 10, 1954, his widow relinquished what was given her by the will and codicils admitted to probate and elected to "receive her dower and distributable share as if no will had been made," as authorized by Section 392.080, Kentucky Revised Statutes. Under Section 392.020, Kentucky Revised Statutes, a surviving husband or wife "shall have an estate for his or her life in one-third of all the real estate of which the other spouse * * * was seized of an estate in fee simple during the coverture, unless the survivor's right to such dower or interest has been barred, forfeited or relinquished."

On September 9, 1955, the widow filed an action in the Clark Circuit Court pursuant to Section 389.020(1) (c), Kentucky Revised Statutes, which provides in general that a court of equity may order sold jointly owned real estate which has passed by devise or descent to a widow and heirs of a decedent and in which the widow has a life right in a portion thereof, either as homestead or dower or by devise, if the property cannot be divided without materially impairing its value or the value of the plaintiff's interest therein. The complaint alleged joint ownership of the real estate, that said property was in separate parcels, each of which was indivisible and not susceptible of division without materially impairing its value or the value of the owners' interest therein, and that by reason of having renounced the provisions of her husband's will and codicils, she acquired a dower interest therein and was entitled to have said property sold free of her dower right and the present money value of her dower interest therein admeasured and determined by the Court and paid to her in cash, pursuant to the provisions of Sections 389.020(1) (c) and 389.050, Kentucky Revised Statutes. Section 389.050, Kentucky Revised Statutes, provides that if a woman have a vested or contingent right to dower in land ordered to be sold pursuant to the provisions of Section 389.020, the Court shall order the land sold free from her right of dower and provide for a reasonable compensation to her out of the proceeds of said sale. The complaint asked that the several parcels of real estate be adjudged indivisible, that each parcel be

ordered sold separately and free of the widow's dower right therein, and that the value of the widow's interest in the proceeds of said sale be admeasured and determined by the Court under the Life Tables and paid to her in cash.

The Co-executors of Jackson's will, who were represented by separate counsel, filed an answer denying the allegation of indivisibility and stating that because of the divisible nature of said real estate, the widow was not entitled to have her interest paid to her in cash according to her life expectancy as determined under the Life Tables. They asked that the complaint be dismissed and that the Court enter proper orders for setting aside a portion of the real estate to be held by the widow as her dower interest in the real estate portion of the estate of her husband.

The Clark Circuit Court made findings of fact that the widow had renounced the provisions of her husband's will and had elected to take her dower interest in the real estate under the statutes as if her husband had died intestate, that each of said parcels of real estate was indivisible and could not be divided among the owners without impairing the value of their several interests therein, and that the widow was 52 years of age and in good health. It was ordered by the Court that the separate parcels of real estate owned by the decedent be ordered sold in separate parcels free of the widow's dower rights, pursuant to the provisions of Sections 389.020 and 389.050, Kentucky Revised Statutes, and that the widow "be allowed out of the proceeds of the sale of said separate parcels of real estate the value of her dower rights, determined and admeasured under the Life Tables, and paid to her in cash, and a separate supplemental judgment may be tendered to the Court for its approval in this action accurately describing said separate parcels of real estate which shall be sold by the Master Commissioner of this Court, after proper advertising, unless an agreement as to the value of her dower rights is entered into between the parties to this action."

Following an initial failure of the parties to agree on the value of the real estate, a compromise was effected and a stipulation was entered into between the parties, which provided, "that the agreed value of said real estate for the purpose of determining plaintiff's dower interest therein is agreed and fixed by the parties hereto in the sum of One Hundred Fifty-three Thousand Five Hundred and Fifty ($153,550.00) Dollars, the plaintiff having a dower interest in one-third ($\frac{1}{3}$) thereof, which is the sum of Fifty-one Thousand One Hundred Eighty-three Dollars and Thirty-four Cents ($51,183.-34)."

Thereafter the case was submitted to the Court for judgment upon the pleadings, exhibits, stipulation and testimony. The Court ordered and adjudged that the stipulated value of the real estate was $153,550.00, that the widow was entitled to her dower interest in one-third thereof, that the widow had elected to take the present value of her dower right in said real estate, that she was 52 years of age at the time of her election, and in good health, that the cash value of her dower interest be determined by the 5% factor, and under the Dower Tables set out in the Kentucky Revised Statutes, that so determined the widow was entitled to recover of the defendants as the value of her dower interest in said real estate the sum of $28,567.98, and "the parties acquiescing therein, that the plaintiff shall have a lien upon the property of Allen P. Jackson known as the Court Street property * * * to secure to her the payment of the cash value of her dower interest."

Appellants claimed the cash allowance of $28,567.98 as a marital deduction for federal estate tax purposes, under Section 812(e) (1) (A), Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1) (A) (carried as Section 2056(a), Internal Revenue Code of 1954, 26 U.S.C.A. § 2056(a), enacted August 16, 1954). The claimed deduction was disallowed, the tax paid, and following a claim for refund which was also denied, the present action was filed.

Section 812, Internal Revenue Code, provides that for the purpose of the estate tax the value of the decedent's net estate shall be determined by making certain deductions from the value of the gross estate including, under subsection (e), bequests to a surviving spouse. Subsection (e) provides in part, as follows:

"(e) Bequests, etc., to surviving spouse

"(1) Allowance of marital deduction

"(A) In general. An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest—"

Subsection (e) (2) deals with the computation of adjusted gross estate, not here involved.

Subsection (e) (3) deals with definitions and provides:

"For the purposes of this subsection an interest in property shall be considered as passing from the decedent to any person if and only if—

"(A) such interest is bequeathed or devised to such person by the decedent; or

"(B) such interest is inherited by such person from the decedent; or

"(C) such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent; or—"

The first question to be considered is whether the sum of $28,567.98 awarded to the widow, was under subsection (e) (1) (A) an interest in property which "passed from the decedent to his surviving spouse." If it did so "pass" we then have the second question whether it was a "terminable interest," which under subsection (e) (1) (B) would not qualify as a marital deduction.

Appellants contend that this sum qualified as passing from the decedent to his surviving spouse under subsection (e) (3) (C), above set out, which provides that the property shall be considered as so passing if "such interest is the dower or curtesy interest (or statutory interest in lieu thereof) of such person as surviving spouse of the decedent," with particular emphasis on the fact the money so awarded to the widow was a statutory interest in lieu of dower. The District Judge ruled that the sum awarded to the widow did not "pass" from the decedent to the widow within the meaning of the statute because it was not a statutory interest in lieu of dower. He was of the opinion that the proceedings in the Clark Circuit Court did not comply with the prescribed statutory provisions for sale of jointly owned indivisible property under Section 389.020(1) (c), Kentucky Revised Statutes, in that the property was not *sold* as provided by the statute but, instead, its value was determined by stipulation between the parties, with the result that what the widow received was not a "statutory interest in lieu" of dower, but an amount agreed upon by the parties outside of the provisions of the statute. The District Judge also referred to the fact that there was no allegation or finding that, considering the various parcels as a whole, as authorized by Section 392.060, Kentucky Revised Statutes, rather than separately, the property was not susceptible of division. Dougherty v. United States, 175 F.Supp. 339, 342, D.C.E.D.Ky.

█ Considering first Section 392.060, Kentucky Revised Statutes, it provides as follows:

"Where the lands are not severally held by different devisees or purchasers, dower need not be assigned

out of each separate portion, but an equitable allotment may be made in one or more parcels in lieu of the whole."

We are of the opinion that this section is applicable if the lands of a decedent are held by only one devisee or purchaser. On the other hand, if the lands of the decedent are held by more than one devisee or purchaser, as in the present case, the widow must take her dower out of each tract. Smith v. American Tobacco Co., 149 Ky. 591, 149 S.W. 927; Wiley v. Wiley, 178 Ky. 501, 199 S.W. 47.

■ This leaves for consideration the other point relied upon by the District Judge that the property was not "sold" in accordance with the statutory requirements. We are of the opinion that fixing the value of the decedent's real estate by stipulation of the parties, instead of through a sale by the Court Commissioner, was not such a deviation from the provisions of the statute as to prevent treating the sum of money which the widow eventually received as her statutory interest in lieu of dower. The action filed by the widow for the sale of indivisible property and for the allowance to her of a sum in cash in lieu of dower was a proceeding in equity in which the essential requirements were the joint ownership of the property as required by the statute and its indivisibility. When these requirements were found to exist subsequent proceedings in the State Court were merely for the purpose of ascertaining the value of her right and in seeing that she received it. If the other owners of the property desired to satisfy the widow's claim for the fair cash value of her dower right and take title to the property instead of buying it in at a court sale and paying the widow's interest in cash to the Court, we see no reason for a court of equity to require the property to be sold. The Kentucky authorities appear to support this view. Rich v. Rich, 7 Bush 53, 70 Ky. 53; Hogg v. Hensley, 100 Ky. 719, 39 S.W. 247; Beach v. Hopperton's' Ex'r, 303 Ky. 272, 275, 276, 196 S.W.2d 894.

Apparently the Government does not contend on this appeal that the money which was allotted to the widow did not "pass" from the decedent to his widow. It is not urged upon us in its brief. Although at one time stress was placed by it in cases of this kind upon the fact that money received by the widow under different state statutes did not pass from the decedent to the widow, it now appears that its present policy is to no longer belabor this point, but to approach the problem from the standpoint of the terminable interest provision of the statute, as provided in subsection (e) (1) (B), which has been hereinabove set out and which will hereinafter be discussed. Rensenhouse Estate v. Commissioner, 27 T.C. 107; Rensenhouse Estate v. Commissioner, 6 Cir., 252 F.2d 566; Senate Report No. 1013, 80th Cong., 2d Sess., Vol. 2, page 1224, U.S.Code Congressional Service; United States v. Traders National Bank of Kansas City, 8 Cir., 248 F.2d 667; United States v. Crosby, 5 Cir., 257 F.2d 515.

The real issue in this case appears to be whether the interest of the widow in her husband's real estate was a terminable interest within the meaning of the provisions of subsection (e) (1) (B). If the interest in the property which passed from the decedent to the widow was a dower interest in the real estate it was, under Section 392.020, Kentucky Revised Statutes, a life interest which, of course, is a terminable interest, and appellants were not entitled to the marital deduction. If, on the other hand, the interest in property which passed to the widow was cash in the amount of $28,-567.98, she received it in fee and it was not a terminable interest.

The Government contends that the widow, upon relinquishing her rights under her husband's will, received her dower right in her husband's real estate and that she voluntarily thereafter converted that right into cash, but that such subsequent conversion did not negative the fact that what she received was merely her dower right in the real estate. The appellants contend that what the widow

actually received was cash in lieu of dower, in accordance with the provisions of the Kentucky Statute, and that the transaction is entirely different from one wherein a widow is allotted dower and thereafter, in a separate transaction, voluntarily elects to sell or dispose of the same.

Appellants contend that one answer to the Government's contention is that dower in the husband's real estate was never allotted to the widow and, accordingly, was never sold by her. This is based upon the statutory provision in Kentucky that the widow has the privilege of using without charge a certain proportion of the husband's estate and is entitled to one-third of the rents and profits of her husband's dowerable real estate from the time of his death until dower is assigned. Section 392.050, Kentucky Revised Statutes. This is known as the right of quarantine, which is not a vested interest which may be assigned to a stranger to the title, and which continues in effect until dower is assigned. Wyly v. Kallenbach, 256 Ky. 391, 76 S.W. 2d 34; Beach v. Hopperton's Ex'r, supra, 303 Ky. 272, 275, 196 S.W.2d 894. It is urged upon us that at no time did the heirs attempt to change this right of quarantine into an allotment of dower under statutory provisions available to them. Section 381.135, Kentucky Revised Statutes. This is a technical argument which we do not think satisfactorily answers the contention. Although dower was never actually allotted to the widow, a right of dower passed to her. Actually, it was this right of dower which was the basis of her suit for the sale of the real estate. Without it, the action could not have been maintained. It was this right of dower, not her right of quarantine, for which money was awarded in lieu thereof. We do not base our ruling upon appellants' contention on this phase of the case.

The problem here involved has been heretofore considered by the Court of Appeals in the Eighth and the Fifth Circuits. United States v. Traders National Bank of Kansas City, supra, 8 Cir.,

248 F.2d 667; United States v. Crosby, supra, 5 Cir., 257 F.2d 515. In both of these cases the Court held that the money received by the widow was not a terminable interest. We agree with the ruling in those cases and with the reasoning of the Court in support of such ruling. As stated in the Crosby case, the provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to the purposes of their enactment. The purpose of the provision was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse. Generally speaking, the "terminable interest" concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from the gross estate of the decedent, it would be adequately integrated in the spouse's estate so that on her death, it would not escape the death tax a second time. "The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse." Estate of Pipe v. Commissioner, 23 T.C. 99, 104. Under this construction of the Act, we are more concerned with what the widow actually received in the settlement of her husband's estate than with what she was technically entitled to receive but actually did not receive. The transaction is materially different from an allotment of dower in the settlement of the estate and a subsequent sale by her of such allotment. The Government contends that the Traders National Bank case and the Crosby case are distinguishable from our present case, but we are of the opinion that the distinguishing features pointed out by it are not sufficient to prevent the rulings from being applicable.

We are of the opinion that the appellants are entitled to the marital deduction herein claimed.

The judgment is reversed and the case remanded to the District Court for further proceedings consistent with the views expressed herein.