(122 So. 649)
**GRISHAM v. ROTHOLZ et al.** (6 Div. 331.)

Supreme Court of Alabama. May 30, 1929.

Clark Williams and N. S. Morgan, both of Birmingham, for appellant.

Woolverton & Haley, of Birmingham, for appellees.

FOSTER, J. The appellant filed her bill in equity for the cancellation of a mortgage executed by her and another to respondent. The property embraced consists of the homestead of the appellant's husband. It is alleged that he died May 14, 1912; that the homestead was all the real estate he owned and less than $2,000 in value, and less than 160 acres in area; that appellant was his widow, and he left one child who was over 21 years old when he died, and who joined with appellant in executing the mortgage sought to be canceled.

The basis of appellant's claim that the mortgage is void is that it is in violation of the terms of section 4196, Code of 1907 (which is the same as section 7918, Code of 1923), which provides that, when the homestead vests absolutely in the widow and minor children, it "shall not be sold or partitioned by order of any court until the death of the widow and the youngest child is of age, except by the order of the chancery court [circuit court in equity] for reinvestment with the consent of the widow in writing, if living."

We think the necessities of this case require our consideration of the one question argued by counsel; that is, whether the widow is prohibited by the effect of the provisions of section 4196 of the Code of 1907, just copied, from executing a mortgage upon the homestead of her deceased husband, which vested absolutely in her at his death. Looking to the legislative and judicial history of. those provisions, we agree with the evident understanding of the circuit court that they were not intended to prevent the widow from selling, conveying, mortgaging, or otherwise disposing of the homestead by her voluntary act, when the title by law vests absolutely in her. The purpose of that clause was evidently to prevent a partition of the homestead either by metes and bounds, or by a sale for that purpose, when the title has vested absolutely in the widow and one or more minor children. Mathews v. Goodenough, 206 Ala. 229, 89 So. 708; Ford v. Strong, 201 Ala. 574, 78 So. 918; Clements v. T. S. Faulk & Co., 181 Ala. 219, 61 So. 264; Hollis v. Watkins, 189 Ala. 292, 66 So. 29.

The legislation was intended to avoid the mischievous effect of the principle applied in the case of Faircloth v. Carroll, 137 Ala. 243, 34 So. 182. It was held in that case that, when the title vested in the widow and minor children, any of them, if sui juris, could convey his interest, and his grantee would acquire the legal title to that extent, and could maintain a partition suit against the others. This was largely based upon the leading case of Tartt v. Negus, 127 Ala. 301, 28 So. 713.

The clause in question was not intended to prevent them or any of them from conveying such legal title as was acquired under the statute, but to prevent a sale for division or a partition of the homestead, except as the statute authorizes. We are very clear that when the widow became solely vested with the absolute title, she could sell or mortgage it as she saw fit.

The decree of the circuit court was doubtless rested upon this interpretation of the law, and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.