810

Frank A. CROSBY and P. E. Berry, individually and as Administrators of the Estate of Lewis G. Crosby, also known as L. G. Crosby, Deceased, Plaintiffs,

v.

The UNITED STATES of America, Defendant.

Civ. A. No. 718.

United States District Court
N. D. Florida, Pensacola Division.

July 2, 1956.

Supplemental Opinion Feb. 15, 1957.

Watson & Brown, Pensacola, Fla., for plaintiffs.

C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., for defendant.

DE VANE, Chief Judge.

Lewis G. Crosby, a resident of Pensacola, Florida, died intestate on February 27, 1950, leaving surviving him his wife and three children. On May 24, 1951, a Federal Estate Tax Return was filed showing his gross estate to be $2,-145,299.81 and, claiming deductions in the sum of $729,177.58, a total net estate tax of $408,739.32. In order to secure release of Federal liens on some of the realty, the administrators paid to the Collector of Internal Revenue at Jacksonville, Florida, $464,855.35 on March 13, 1951. This was in excess of the tax shown on the return by $56,-115.83. Subsequently, an audit and review of the return was made by the Internal Revenue Agent in Charge, who, after allowing the full 80% credit for state inheritance taxes, assessed a deficiency of $149,669.57. Subtracting from this deficiency the $56,115.83 previously paid in excess of the tax shown on the return, left a balance of $93,553.-74 to be paid. This amount was paid on October 28, 1953.

On March 29, 1954, plaintiffs filed a claim for refund of $117,938.05. This claim was based on the contention that the Commissioner of Internal Revenue improperly disallowed a portion of the marital deduction. The claim was rejected and this suit followed. The facts are not in dispute and the case is before the Court on a motion for Summary Judgment filed by defendant.

The marital deduction around which this suit revolves involves the construction and application of certain Alabama statutes providing for dower. Title 34,

Sections 40 and 41, of the Alabama Code provide in part as follows:

"§ 40. *Dower defined; of what lands widow is dowable.*—Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:

"(1). Of all lands of which the husband was seized in fee during the marriage * * *."

"§ 41. *Extent of widow's dower interest.*—The quantity of the dower interest is as follows:

* * * * * *

"(3). When there are lineal descendants, then to one-third part thereof, whether the estate be solvent or not."

■ It is clear that under the above provisions of the Alabama Code the widow's dower interest in her husband's real property is a life estate or a right to a life estate. The Internal Revenue Code of 1939, Section 812(e) (1) (B), 26 U.S.C.A. § 812(e) (1) (B) provides that a life estate will not qualify as a marital deduction. The parties in this case are not in dispute with reference to the effect of this section of the Revenue Code upon the right to treat a dower interest as a deduction in determining the estate tax. It cannot be deducted.

The controversy in the case arises by virtue of other Alabama statutes. Title 61, Sections 244, 271 and 272 have relevance here. They are as follows:

"§ 244. *Sale in case of intestacy.*—In case of intestacy, lands may be sold by the administrator for the payment of debts, when the personal estate is insufficient therefor."

"§ 271. *With Widow's consent, dower may be sold.*—In all cases where, under the provisions of this subdivision, the lands of a decedent can be ordered to be sold by the probate court, the widow may file in the office of the judge of probate her written consent, that her dower interest in the land may be sold, so as to vest in the purchaser the complete title; and thereupon, the court must order such dower interest to be sold with the residue of the lands."

"§ 272. *Value of dower interest; how fixed and paid.*—When the sale is confirmed, the court, on the application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-third of the purchase money."

The administrators of the Crosby estate found it necessary to sell some of the real estate owned by Crosby in order to pay debts, estate ond other taxes. Crosby died seized and possessed of a large tract of land in Baldwin County, Alabama, and the administrators petitioned the Circuit Court of Baldwin County for authority to sell the estate's interest in this land to raise money to pay debts, taxes, etc. Mrs. Crosby had not elected to have her dower interest in any of her deceased husband's property set apart for her and under authority of Section 271 she joined with the administrators and filed in the suit in Baldwin County her consent to the sale of her dower interest in this property and petitioned the court to set apart out of the proceeds the share of her dower interest therein. The property with a clear title was sold in this proceeding for $1,640,689. The court placed the value of the dower interest of Mrs. Crosby at $546,896.66, which amount was paid to her out of the proceeds of the sale and the remainder passed to the estate.

Plaintiffs here contend that this sum paid to the widow for her dower interest in this property should be allowed as a gross deduction from the gross estate under Section 812(e) (1) (A) of

the Internal Revenue Code of 1939, 26 U.S.C.A. § 812(e) (1) (A), and that Section 812(e) (1) (B) is not applicable here. The two subsections of 812 (e) (1) are as follows:

"(1) Allowance of marital deductions

"(A) *In General.*—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(B) *Life estate or other terminable interest.* Where, upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such an interest."

The crucial question in this case is whether upon decedent's death his widow took only a terminable dower interest in the realty as provided in Title 34, Sections 40 and 41, or whether Title 61, Sections 271 and 272, gave to her a different and superior interest in realty sold to pay debts. While counsel for the respective parties cite numerous cases in support of the position taken by them on the law controlling here, the difficulty the Court finds itself in is that neither of them cite any case in point on the precise question before the Court and all this Court is able to do is make the best guess it can in deciding the case.

Without doubt the legal property rights of the parties are governed by the laws of Alabama. And in this connection it should be noted here that while Section 244 quoted above gives to the administrator the right to sell the realty, he could not sell the widow's dower interest therein at the same time without her written consent, and under the provisions of Section 272, the estate

had no lawful claim to the dower money. It belonged to the widow once the "fair equivalent for the dower interest" had been determined by the Court. On oral argument counsel for defendant, in response to a question from the Court, conceded that had the widow sold her dower interest separately instead of following the simple procedure authorized by Section 272 that proceeds of such sale could not be included in the estate for tax purposes. The question then narrows down to this: Must the estate be penalized because Alabama has seen fit to simplify the procedure by which the dower interest in the lands may be sold to enable the administrator to more economically, simply and expeditiously secure money with which to pay debts of the estate, when a different procedure could have been followed that would have avoided penalizing the estate by making it pay taxes on the dower money realized by a separate sale of the widow's dower interest. In Jeffries v. Commissioner, 158 F.2d 225, the Court of Appeals, Fifth Circuit, laid down a very harsh rule to be followed in income tax cases where the parties have made a procedural error and thereby stepped into the tax steel trap. When Potter v. Fahs, D.C., 71 F.Supp. 675, was before me, I felt compelled to follow the Jeffries case and again do injustice to a taxpayer, but when this case reached the Court of Appeals, 5 Cir., 167 F.2d 641, the Court there held that the harsh Jeffries rule did not apply in every tax case.

Counsel for plaintiffs contend most vigorously in this case that the widow has an election between the provisions of Title 34 and 61 relating to her dower interest in her deceased husband's estate; that dower as such never vests until set aside to her and that where she elects to dispose of her dower interest in property under the provisions of Title 61 that must be sold by the estate to secure money with which to pay debts and taxes, the proceeds passing to her are a vested interest and not a life estate, I find myself

in accord with this view and find and hold that the proceeds from the sale of this property set aside for the widow by the Judge of the Circuit Court of Baldwin County, Alabama, passed to the widow and not to the estate and is not subject to the Federal estate tax. An appropriate order will be entered in conformity with this Memorandum-Decision.

### Supplemental Opinion

This case was before the Court last year on a Motion for Summary Judgment upon the pleadings filed by defendant and after full argument of the Motion, the Court on July 5, 1956, entered an Order denying the same. At the same time the Court prepared and filed herein its Memorandum-Decision stating its reasons for denying said Motion. Plaintiffs declined to join in this Motion for Summary Judgment on the ground that certain evidence was required before judgment could be entered in their favor, and the case came on later for trial and now is again before the Court for final disposition.

In the Memorandum-Decision previously filed herein the Court stated:

"The crucial question in this case is whether upon decedent's death his widow took only a terminable dower interest in the realty as provided in Title 34, Sections 40 and 41, or whether Title 61, Sections 271 and 272 gave to her a different and superior interest in realty sold to pay debts. While counsel for the respective parties cite numerous cases in support of the position taken by them on the law controlling here, the difficulty the Court finds itself in is that neither of them cite any case in point on the precise question before the Court and all this Court is able to do is make the best guess it can in deciding the case."

And later on in this Memorandum-Decision the Court concluded with this statement:

"Counsel for plaintiffs contend most vigorously in this case that the widow has an election between the provisions of Title 34 and 61 relating to her dower interest in her deceased husband's estate; that dower as such never vests until set aside to her and that where she elects to dispose of her dower interest in property under the provisions of Title 61 that must be sold by the estate to secure money with which to pay debts and taxes, the proceeds passing to her are a vested interest and not a life estate. I find myself in accord with this view and find and hold that the proceeds from the sale of this property set aside for the widow by the Judge of the Circuit Court of Baldwin County, Alabama, passed to the widow and not to the estate and is not subject to the Federal estate tax."

The Court still finds itself in the dilemma that confronted it when the case was first before it and it again here and now adheres to the final announcement there made. An appropriate Final Judgment will, therefore, be entered in this case in favor of plaintiffs in conformity with that and this Memorandum-Decision.

The evidence in the case shows that the Internal Revenue Bureau furnished to plaintiffs the amount they would be entitled to recover in case the Court found and held that the Internal Revenue Bureau improperly included the widow's interest in her deceased husband's estate in determining the net estate subject to tax. The figure furnished was $117,938.05. It subsequently developed that this figure was in error and the Court permitted an amendment to the Complaint, under which plaintiffs now seek to recover the sum of $198,073.39 as shown by a later exhibit furnished plaintiffs by the Internal Revenue Bureau, and in the Amended Complaint plaintiffs prayed for a "judgment against Defendant for said sum of $198,073.39, or such lesser amount which was erroneously and illegally assessed against the estate of

said decedent and collected by the Defendant" because of the disallowance by defendant of the marital deduction. The parties will be expected to stipulate on the proper amount of judgment to be entered in this case and upon receipt of that stipulation, the Court will enter a Final Judgment herein in conformity with this Memorandum-Decision.