**UNITED STATES of America,
Appellant,**

v.

**Frank A. CROSBY and P. E. Berry, individually and as Administrators of the Estate of Lewis G. Crosby, also known as L. G. Crosby, Deceased, Appellees.**

**No. 16937.**

United States Court of Appeals
Fifth Circuit.

June 30, 1958.

L. W. Post, Atty., Dept. of Justice, Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Attys., Dept. of Justice, Washington, D. C., C. W. Eggart, Jr., Asst. U. S. Atty., Pensacola, Fla., Harrold Carswell, U. S. Atty., Tallahassee, Fla., for appellant.

Wm. H. Watson, Clarence J. Brown, James B. Watson, Pensacola, Fla., for appellees.

Before CAMERON, JONES and BROWN, Circuit Judges.

JONES, Circuit Judge.

■ Lewis G. Crosby was a resident of Escambia County, Florida. He died intestate on February 27, 1950, survived by his widow, Jessie B. Crosby, and by three children. At the time of his death he owned property in Florida, Alabama and Michigan. In Baldwin County, Alabama, he had approximately 20,000 acres of timber land. The appellees were appointed as administrators of the decedent's estate in both Florida and Alabama. Under the law of Alabama the real estate of an intestate decedent survived by children descends, subject to the payment of debts, charges against the estate, and the widow's dower, to his children in equal parts. Alabama Code 1940, Title 16, § 1.

The dower to which Mrs. Crosby was entitled, as the widow of a decedent who left lineal descendants and whose estate was solvent, was an estate for her life in a one-third part of the Alabama lands. Alabama Code 1940, Title 34, §§ 40, 41. The Alabama statutes specify the procedure for the assignment of dower. Alabama Code 1940, Title 34, §§ 51–61.

It was necessary for the administrators to realize upon the Alabama lands in order to provide funds for debts, estate taxes and other charges against the estate. Lands may be sold by the administrators of an intestate estate for the payment of debts when the personal estate is insufficient. Alabama Code 1940, Title 61, § 244. Where the lands which must be sold are subject to a widow's dower interest the statute specifically provides:

"In all cases where, under the provisions of this subdivision, the lands of a decedent can be ordered to be sold by the probate court, the widow may file in the office of the judge of probate her written consent, that her dower interest in the land may be sold, so as to vest in the purchaser the complete title; and thereupon, the court must order such dower interest to be sold with the residue of the lands." Alabama Code 1940, Title 61, § 271.

"When the sale is confirmed, the court, on application of the widow, must make an order that a fair equivalent for the dower interest be paid to her by the personal representative, when the purchase money is collected, the value of such interest to be ascertained by proof, having regard to the age and health of the widow, but in no case to exceed one-third of the purchase money." Alabama Code 1940, Title 61, § 272.

The administrators negotiated for a sale of the Alabama lands to a paper company for $1,640,689 upon condition that the land be conveyed free from the widow's dower interest. No purchaser for the lands could be found if they were to be sold subject to the dower interest. Appropriate proceedings were instituted for the sale of the lands, including the widow's dower interest, and Mrs. Crosby, pursuant to Title 61, § 271, supra, filed her consent to the sale of her dower interest. The land, with the dower interest, was ordered sold. Under Title 61, § 272, supra, the Alabama court entered an order valuing the fair equivalent of her dower interest at $546,896.66, and this amount was paid to her from the proceeds of the sale. In computing the Federal estate tax and filing a Federal estate tax return the administrators included as a part of the marital deduction the amount paid to Mrs. Crosby as the equivalent of her dower interest. The Internal Revenue Service disallowed the

deduction, asserting that the interest which passed from the decedent to his widow was a life estate or terminable interest and not subject to the deduction. The cash payment to the widow of the equivalent of her dower interest, the Government contended, was a sale and conversion of a terminable interest. The amount of the tax deficiency as determined by the Government was paid by the administrators who, after a claim for refund was made and rejected, brought suit in the district court for the amount in dispute. In the district court a memorandum opinion and a supplemental opinion were filed. Crosby v. United States, D.C., 148 F.Supp. 810, 812. Findings of fact and conclusions of law were thereafter filed. Crosby v. United States, D.C., 151 F.Supp. 497. In its memorandum the district court outlined the question in this manner:

"The crucial question in this case is whether upon decedent's death his widow took only a terminable dower interest in the realty as provided in Title 34, Sections 40 and 41, or whether Title 61, Sections 271 and 272 gave to her a different and superior interest in realty sold to pay debts. While counsel for the respective parties cite numerous cases in support of the position taken by them on the law controlling here, the difficulty the Court finds itself in is that neither of them cite any

case in point on the precise question before the Court and all this Court is able to do is make the best guess it can in deciding the case."

The district court's holding was thus stated:

"Counsel for plaintiffs contend most vigorously in this case that the widow has an election between the provisions of Title 34 and 61 relating to her dower interest in her deceased husband's estate; that dower as such never vests until set aside to her and that where she elects to dispose of her dower interest in property under the provisions of Title 61 that must be sold by the estate to secure money with which to pay debts and taxes, the proceeds passing to her are a vested interest and not a life estate, I find myself in accord with this view and find and hold that the proceeds from the sale of this property be set aside for the widow by the Judge of the Circuit Court of Baldwin County, Alabama, passed to the widow and not to the estate and is not subject to the Federal estate tax."

Judgment was entered for the administrators from which the Government has appealed.

The marital deduction, so-called, had its origin in an amendment made by the Revenue Act of 1948 to Section 812 of the Internal Revenue Code of 1939.[1]

1. "For the purpose of the tax the value of the net estate shall be determined, in the case of a citizen or resident of the United States by deducting from the value of the gross estate—
　　*　　*　　*　　*　　*
"(e) Revenue Act of 1948, c. 168, 62 Stat. 110. Bequests, etc. to surviving spouse.—
"(1) Allowance of marital deduction.—
"(A) In general.—An amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.
"(B) Life estate or other terminable interest. Where, upon the lapse of time, upon the occurrence of an event or con-

tingency, or upon the failure of an event or contingency to occur, such interest passing to the surviving spouse will terminate or fail, no deduction shall be allowed with respect to such interest.
"(i) if an interest in such property passes or has passed (for less than an adequate and full consideration in money or money's worth) from the decedent to any person other than such surviving spouse (or the estate of such spouse); and
"(ii) if by reason of such passing such person (or his heir or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;
and no deduction shall be allowed with respect to such interest (even if such de-

■ It is the Government's position that the widow was dowable of a life estate in one-third of the lands in question and that this was clearly a terminable interest and as such not eligible for inclusion as a part of the marital deduction. The effect of the transaction whereby the lands were conveyed to the paper company free from dower was nothing more or less, says the Government, than a sale of a life estate terminable interest of the widow. Cf. Rev.Rul. 279, C.B. 1953–2, 275. We think the case cannot be wrapped up and tied with so simple a knot. The Government, citing New Colonial Ice Co. v. Helvering, 292 U.S. 435, 54 S.Ct. 788, 78 L.Ed. 1348, reminds us that deductions are granted as a matter of grace and that those claiming them must bring themselves squarely within the terms of the authorizing statute. The administrators tell us that the marital deduction amendment was a liberalization of the prior law based upon considerations of public policy and is not to be narrowly construed. The administrators support their view with a citation to Helvering v. Bliss, 293 U.S. 144, 55 S.Ct. 17, 79 L.Ed. 246, 95 A.L.R. 207. The marital deduction, so-called, is rather an exclusion than a deduction. H.R.Rep. No. 1274, 80th Cong. 2d Sess., C.B. 1948–1, 241, 244. The purpose of the provision was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from the estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse. Lowndes and Kramer Federal Estate and Gift Taxes 372. To limit the effect to the intended purpose, terminable interests are disallowed in determining the marital deduction. The Tax Court has said:

"Generally speaking, the 'terminable interest' concept was devised for the purpose of assuring that if the property bequeathed to the spouse was to be excluded from gross estate with respect to the decedent, it would be adequately integrated in the spouse's estate so that on her death it would not escape the death tax a second time. As petitioner expresses it, 'The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving spouse.'" Estate of Pipe v. Commissioner, 23 T.C. 99, 104, affirmed 2 Cir., 241 F.2d 210.

■ The provisions of the Internal Revenue Code applicable to the facts of this case should be liberally construed and applied to carry out and give effect to the purposes of their enactment. Smythe.v. Fiske, 23 Wall. 374, 90 U.S. 374, 23 L.Ed. 47; United States v. Hodson, 10 Wall. 395, 77 U.S. 395, 19 L.Ed. 937. This rule is especially applicable, where, as here, the purpose of a provision in a taxing statute is to secure equality in the treatment of taxpayers. Cf. Wiggins Ferry Co. v. East St. Louis, 107 U.S. 365, 2 S.Ct. 257, 27 L.Ed. 419.

■■ Under the law of Alabama, the inchoate right of dower of a wife during the life time of her husband is an interest contingent upon surviving her husband as his wife. Hamm v. Butler, 215 Ala. 572, 112 So. 141; Lee v. Lee, 265 Ala. 226, 90 So.2d 775. Her dower, even

---

duction is not disallowed under clauses (i) and (ii)—

"(iii) if such interest is to be acquired for the surviving spouse, pursuant to directions of the decedent, by his executor or by the trustee of a trust.

For the purposes of this subparagraph, an interest shall not be considered as an interest, which will terminate or fail merely because it is the ownership of a bond, note, or similar contractual obligation, the discharge of which would not have the effect of an annuity for life or for a term. * * *." 26 U.S.C.A. (I.R.C. 1939) § 812(e).

after the death of her husband, is not a property right but is only a chose in action. Martin v. Evans, 163 Ala. 657, 50 So. 997. Her interest, before assignment, is only an equity and the transfer of such interest will not be recognized at common law except when made by way of an extinguishing release to the heirs or terre-tenants. Decker v. Decker, 253 Ala. 345, 44 So.2d 435.

██ If, as the Government contends, Mrs. Crosby received from her husband's estate a life estate of dower which she sold then it would follow that her dower was a terminable interest which did not qualify for the marital deduction. The situation must be appraised as it existed at the time of the husband's death, says the Government, and as the Government would appraise it the widow then had nothing but a terminable life interest. With this position we could agree if the Alabama legislature had not enacted Title 61, §§ 271–272. Upon the husband's death, the time as of which the Government says the situation is to be appraised, there was the land in Alabama subject to the Alabama law of dower. But there were also at the time of the husband's death debts which his estate was required to pay. There was a liability to the United States and the several states where property was owned for estate and inheritance taxes. At the time of the decedent's death there existed a necessity for the sale of Alabama land to provide funds for discharging estate obligations. The land could not have been sold subject to dower. The Alabama law permitted the administrators to sell the land and permitted the widow to give her consent to the sale by the administrators of her dower interest. The sale was made, not by the widow but by the administrators and we think the distinction significant. A sale results from a contract between parties for the transfer of property for a consideration fixed by the bargain. See Williamson v. Berry, 8 How. 495, 49 U.S. 495, 544, 12 L.Ed. 1170. Mrs. Crosby did not sell her dower interest, if we correctly read the Alabama statute; she consented to the sale by the administrators. The statute provided that she should receive the fair equivalent for her dower interest. This equivalent was ascertained by the court by proof. That the equivalent became payable to the widow by reason of an election made by her to take an absolute interest of an "equivalent" rather than a life estate dower interest, does not defeat the marital deduction. United States v. Traders National Bank, 8 Cir., 1957, 248 F.2d 667. Nor should the marital deduction of the equivalent be denied because the right of election would not have existed if the administrators had not been required to sell the property to discharge estate obligations. We conclude that the fund paid to Mrs. Crosby as the equivalent of her dower interest was a "statutory interest in lieu" of dower within the meaning of 26 U.S.C.A. (I.R.C.1939) § 812(e) (3) (C). If dower as such had been assigned to Mrs. Crosby she would have had no vested estate until the assignment but, upon the assignment being made, her vested estate would have been regarded as relating back to the date of her husband's death and in contemplation of law she would have been regarded as his immediate successor in title. Bettis v. McNider, 137 Ala. 588, 34 So. 813. So then, would the equivalent of dower relate back to the time of the husband's death and be regarded as an interest passing from him to the widow.

The execution and delivery by the widow and heirs of Crosby to the purchaser of a deed describing the land is not of any consequence in the consideration of the question here presented. The title passed by the deed of the administrators pursuant to the sale made by them. The entire consideration was received by the administrators. This deed, whether required as a precautionary measure by a cautious title examiner or given for some other purpose, had no determinative effect upon the nature of the interest received by Mrs. Crosby.

We are in agreement with the conclusion of the district judge that the amount received by Mrs. Crosby as the

equivalent of her dower interest in the Alabama lands was an interest which passed to her from her husband and that it was a statutory interest in lieu of dower. Hence the determination of the district court is correct. It is affirmed.

By stipulation of the parties it is shown that an interest adjustment is necessary. For the purpose of such adjustment and pursuant to the stipulation the cause is

Remanded.