UNITED STATES of America, Appellant,

v.

Mary Isabel HILES, individually and as Executrix under the Will of Morgan Hiles, deceased, Appellee.

No. 19712.

United States Court of Appeals Fifth Circuit.

May 17, 1963.

Vernol R. Jansen, Jr., U. S. Atty., Mobile, Ala., Harold C. Wilkenfeld, Harold M. Seidel, Benjamin M. Parker, Attys., Dept. of Justice, Washington, D. C., Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson, Attorney, Department of Justice, Washington, D. C., for appellant.

Hardy B. Smith, David Wallace Green, of Gaillard, Gaillard & Smith, Mobile, Ala., for appellee.

Before RIVES, JONES and BELL, Circuit Judges.

JONES, Circuit Judge.

The appellee, in her own right and as Executrix under the will of her deceased husband, recovered judgment for a federal estate tax deficiency assessment which she asserted had been illegally exacted. The United States has appealed. The facts were stipulated. Morgan Hiles, a resident of Mobile County, Alabama, died testate on February 4, 1957, survived by his widow, the appellee here, and their two minor children. The will was admitted to probate in the Probate Court of Mobile County and Mrs. Hiles qualified as Executrix. She dissented from the will and by so doing became entitled to dower, a homestead interest, an interest in exempt personal property, and a widow's distributive share. In her dissent she invoked the equity powers of the Probate Court of Mobile County [1] and prayed that the value of her dower interest be ascertained and the amount of such value be paid to her from the assets of the estate; and that she be further paid the sum of $6,000 representing the amount of her homestead exemption pursuant to Section 689 [2] and Section

---

[1]. "The probate courts * * * shall have general equity jurisdiction concurrent with that of the circuit courts, in equity, of this state, in the administration of the estates of deceased persons, minors and insane persons, including testamentary trust estates." Code of Alabama, 1958, Appx. Sec. 512.

[2]. "Where a homestead right exists in property devised by will, the person or persons to whom said property is devised may clear the said property of such homestead right by paying to the personal representative in lieu of such right, the sum of six thousand dollars. Said sum shall be held and used by such personal representative in all respects as provided in section 687

687,[3] Title 7, of the 1940 Code of Alabama. Other relief was sought with respect to matters not here involved.

The Probate Court, having evidence as to the market value of the real property owned by the decedent at the time of his death, its rental value, and the age and health of the widow, found the reasonable value of the dower interest[4] to be $14,000. The Probate Court also found that, under Section 689 of Title 7 of the Alabama Code, the widow and children were entitled to receive $6,000 to clear the title to the homestead. The order of the Probate Court directed the payment of the two items, $14,000 and $6,000, and other sums with which we are not concerned in this case. The widow as Executrix paid to herself in her own right the sum of $14,000 in satisfaction of her claim for dower. Also, as Executrix, she paid to herself for the use and benefit of herself and two minor children the sum of $6,000 to remove the claim of homestead from the real property of the estate. In the Federal Estate Tax Return for the Morgan Hiles Estate there was a marital deduction claimed which included the dower interest in the amount of $14,000 and the homestead

interest in the amount of $6,000. The District Director of Internal Revenue disallowed the deduction taken for the dower and homestead interests and assessed a tax deficiency which was paid. The filing of a claim for refund was followed by suit. The district court agreed with the estate as to the deduction of the dower amount. It allowed a marital deduction for the value of the widow's homestead interest but reduced the amount to $2,000. The district court's well-reasoned opinion gives the basis for its conclusions. Hiles v. United States, 198 F.Supp. 857.

The moneys paid to Mrs. Hiles as dower under the court decree were hers absolutely. If this fund was, in fact and in law, a dower interest (or statutory interest in lieu thereof) which passed to her from her husband, it should be included in the marital deduction. Such was the contention of Mrs. Hiles and such was the holding of the district court. If, however, the dower of Mrs. Hiles was a life estate, and hence a terminable interest, which she converted into cash, as is contended by the Government, the amount which she received would not qualify for the marital deduction. The

---

of this title, where land incapable of allotment is ordered to be sold. Said personal representative shall report the payment of said funds and how he has disposed of same to the probate court having jurisdiction of said estate, which report must be filed and recorded."

3. " * * * the court may order the sale of said homestead, and notice of said sale shall be given as directed by section 257 of Title 61. Said homestead must be sold on such terms as the court may direct, not exceeding a credit of three years, but in no case shall the cash payment be less than six thousand dollars, and said sum of six thousand dollars shall, in the discretion of the court, be applied by the court to the purchase of a homestead for the benefit of such widow and minor children, or either of them, or be paid by the court to the widow for the use and support of said widow and minor child or children, or either, or if no widow, to the guardian of said minors upon such provisions, conditions or limitations as to the court shall seem proper in the premises. Provided that the widow or guardian shall give

bond in double the amount of said sum with good and sufficient sureties to be approved by the court granting the decree, conditioned, as in the case of guardian and ward, that the said fund shall be faithfully kept and used exclusively for the support and maintenance of the widow and minor children, and for the education of the minor children, if any; and the widow or guardian, as the case may be, shall make an annual report to the court of all receipts and expenditures relating to said fund, which report is subject to the approval of the court."

4. "Dower is an estate for the life of the widow in a certain portion of the following real estate of her husband, to which she has not relinquished her right during the marriage:
"(1). Of all lands of which the husband was seized in fee during the marriage. (2). Of all lands of which another was seized in fee to his use. (3). Of all lands to which, at the time of his death, he had a perfect equity, having paid all the purchase money therefor." Code of Alabama 1958, Title 34, Sec. 40.

purpose of the marital deduction provision, as this Court has said, "was to extend to married taxpayers in common law states the advantages of residents of community property jurisdictions by permitting a surviving spouse to acquire, free from the estate tax exaction, one-half of what is referred to as the adjusted gross estate of the deceased spouse. * * To limit the effect to the intended purpose, terminable interests are disallowed in determining the marital deduction." United States v. Crosby, 5th Cir., 1958, 257 F.2d 515. See United States v. First National Bank and Trust Co., 5th Cir., 1961, 297 F.2d 312. The statute should be so construed and applied to give effect, to the extent permissible, to the intent and purpose of the enactment.

The election of Mrs. Hiles to take dower rather than the share of the estate which she would have received under her husband's will did not prevent her dower from being an interest passing to her from her husband. Estate Tax. Regs. § 20.2056(e)–2(c): Dower is an estate for life under the Alabama statute, Alabama Code 1940, Title 34, § 40. Courts of equity have jurisdiction to assign dower and to decree compensation in lieu of dower. McClendon v. Straub, 5th Cir., 1952, 193 F.2d 596; 5 Cir., 194 F.2d 1008. The jurisdiction of the Alabama court to entertain the suit, the bona fides of the proceeding, and the validity of the decree for a lump-sum award to Mrs. Hiles are not questioned. We think it unnecessary for this Court to consider the nature of the equity which gave to Mrs. Hiles the right to the cash payment although it may be noted that the Alabama court recited in its decree that the dower of Mrs. Hiles could not be set off by metes and bounds.

The question we must decide has been thus stated:

"If the surviving spouse elects to take the cash value of common-law dower (a non-deductible interest)

the answer to the problem of whether the cash she receives qualifies for the marital deduction seems to depend upon whether, under local law, the cash passed to the surviving spouse from the decedent, because she had an election to take cash or dower, or the dower passed to her from the decedent and she subsequently converted it into cash." Lowndes and Kramer, Federal Estate and Gift Taxes, 2nd Ed. 382.

This Court held, in United States v. Crosby, that where there was a necessity for selling lands subject to dower, the widow had an election to receive the cash equivalent of her dower and that the amount so received was to be included in the marital deduction as passing to her from the decedent. In United States v. Traders National Bank, 8th Cir., 1957, 248 F.2d 667, cited with approval in the Crosby case and in the First National Bank and Trust Co. case, it was held that, where the surviving spouse exercised a statutory right to take the commuted value of her dower, the amount received by the widow passed to her from the decedent, and the money she received was not derived from the conversion of a terminable interest. The most recent of the marital deduction decisions involving the payment of a dower equivalent in cash [5] is Dougherty v. United States, 6th Cir., 1961, 292 F.2d 331. The district court had held that the amount paid as a commutation of dower pursuant to an equity decree did not qualify for the marital deduction, pointing out that no showing was made that there could not be a division of the property in kind. Dougherty v. United States, D.C.E.D.Ky. 1959, 175 F.Supp. 339. The Court of Appeals for the Sixth Circuit reversed and decided that the marital deduction should be allowed. The Crosby case of this Court was relied upon. The Court in Dougherty reached the conclusion that, under the applicable principle of construction,[6] it was held that there was no

---

5. United States v. First National Bank and Trust Co. dealt with an allowance of a year's support under the law of Georgia.

6. "The basic principle * * * is that the spouse first to die shall be permitted to pass on to the surviving spouse free of

basis for a conclusion that the widow received a life interest and converted it into money. We are of the same view as to the present case. Although there are differences in the terms of the statutes of Kentucky and Alabama, those differences are not, nor are the minor factual differences, such as to distinguish the Dougherty opinion from the case before us.

■■ Upon the death of a husband his widow, under the Alabama law, has a right of dower which is not a property right but is only a chose in action or an equity; and that dower does not become a property interest until there has been an assignment. United States v. Crosby, supra. The conventional assignment is by an admeasurement by metes and bounds of lands in which the widow has a life estate. There is also an assignment where an equity court decrees the payment of the cash equivalent. The sum which Mrs. Hiles received was received outright, and was all that she received as dower. She never had a life estate in the lands owned by her husband. The only interest that ever vested in Mrs. Hiles was an absolute interest in the money paid to her. That sum was entitled to the marital deduction.

■ The amount paid to Mrs. Hiles to clear the homestead property of her homestead right is in a different category than that paid to her as her dower. The homestead right of a widow under the Alabama law vests in the widow at the death of her husband. Grisham v. Rotholz, 219 Ala. 434, 122 So. 649. It is a life interest. Ala.Code 1940, Title 7, § 661. It is therefore a terminable interest and not subject to the marital deduction provisions of the Estate Tax law. That which Mrs. Hiles received for her homestead interest was in the nature of a payment for her homestead life interest.

The judgment of the district court is affirmed in so far as it deals with dower.

estate tax up to one-half of his or her estate, provided only that the terms of the transfer are such that this property will be taxable in the estate of the surviving

It is reversed in its determination with respect to homestead. The cause is remanded for a determination of the amount for which judgment should be entered.

Affirmed in part, reversed in part and remanded.

spouse." Estate of Pipe v. Commissioner, 23 T.C. 99; United States v. Crosby, supra.