The FIRST NATIONAL EXCHANGE BANK OF ROANOKE, Executor and Trustee under the will of Josephus Daniels Pell, Deceased, Appellee,

v.

UNITED STATES of America, Appellant.

No. 9225.

United States Court of Appeals Fourth Circuit.

Argued April 16, 1964.

Decided July 24, 1964.

Jonathan S. Cohen, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Thomas B. Mason, U. S. Atty., and Lawrence C. Musgrove, Asst. U. S. Atty., on brief), for appellant.

Joseph Wysor Smith, Roanoke, Va. (Clyde H. Perdue, Rocky Mount, Va., and Hazelgrove, Shackelford & Carr, Roanoke, Va., on brief), for appellee.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and BUTZNER, District Judge.

BUTZNER, District Judge.

The District Court[1] held that the commuted value of a widow's dower in the estate of her husband qualified for the marital deduction allowed by § 2056 of the Internal Revenue Code of 1954.[2] We affirm.

---

1. First National Exchange Bank of Roanoke v. United States, 217 F.Supp. 604 (W.D.Va.1963).

2. 26 U.S.C. § 2056. "Bequests, etc., to surviving spouse

"(a) Allowance of marital deduction.— For purposes of the tax imposed by section 2001, the value of the taxable es-

Josephus Daniels Pell died on September 2, 1958. His will left his entire estate in trust for the benefit of his widow for her life.

The widow renounced her husband's will pursuant to § 64–13, Code of Virginia, 1950.[3] She thus became entitled to one-half of the decedent's net personal estate and a life estate in one-third of his realty.[4]

The statutes of Virginia provide that the widow has a right to elect commutation of her dower if it appears that her dower may not be conveniently laid off and assigned in kind.[5]

The Circuit Court of Franklin County, Virginia found as a fact that dower could not be conveniently laid off and assigned in kind and that the widow was entitled to have her commuted dower interest paid to her in cash. The Court ordered a sale of the real estate. From the net proceeds the widow was paid in cash her commuted dower interest in the sum of $33,167.70.

The Executor claimed as a part of the marital deduction the commuted dower interest paid to the widow. The Government disallowed this amount. It is the Government's position that the interest which passed from the decedent to the widow as of the date of death was a dower life interest although it was never assigned to her in kind. The Government contends that the money she received upon commutation and sale of the property was simply a conversion of this interest into another form which did not change the terminable attributes of the dower interest.

■ The cash received by the widow will not qualify as a part of the marital deduction if it is a terminable interest passing from the decedent to the widow or the conversion of a terminable interest. The cash received by the widow, however, will qualify for the marital deduction if it is a non-terminable interest. Qualification for the marital deduction must be determined as of the time of the husband's death. Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964).

The problem which is involved in this case has been considered in the Fifth, Sixth and Eighth Circuits. United States v. Hiles, 318 F.2d 56 (5th Cir. 1963); Dougherty v. United States, 292 F.2d 331 (6th Cir. 1961); United States

tate shall, except as limited by subsections (b), (c), and (d), be determined by deducting from the value of the gross estate an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse, but only to the extent that such interest is included in determining the value of the gross estate.

"(b) Limitation in the case of life estate or other terminable interest.—

"(1) General rule.—Where, on the lapse of time, on the occurrence of an event or contingency, or on the failure of an event or contingency to occur, an interest passing to the surviving spouse will terminate or fail, no deduction·shall be allowed under this section with respect to such interest—"

3. Section 64–13, Code of Virginia, 1950. "When and how benefits of will may be renounced.—When any provision for a husband or wife is made in the consort's will, the survivor may, within one year from the time of the admission of the will to probate, renounce the provision. * * *"

4. Sections 64–16 and 64–27, Code of Virginia, 1950.

5. Section 64–38.1, Code of Virginia, 1950. "When dower may be commuted and paid. —In lieu of having her dower assigned, a widow having a vested right of dower in real property, may, where it appears that her dower cannot be conveniently laid off and assigned in kind, petition the court to commute the same. In such event the court may, in its discretion, either require the heirs at law to pay to such widow a gross sum in lieu of dower, * * *, or may, if such heirs fail or refuse to make such payment, have such real property sold. From the proceeds of such sale there shall be paid, first, the gross sum equivalent of the widow's dower interest; the remainder of such proceeds shall be paid to the heirs at law, pro rata, according to their interest in such real property."

v. Crosby, 257 F.2d 515 (5th Cir. 1958); United States v. Traders National Bank of Kansas City, Executor, 248 F.2d 667 (8th Cir. 1957). Each of these cases held that the cash received by the widow was not a terminable interest and that it qualified for the marital deduction. We agree with the results reached in these cases. No case has been found which supports the Government's position.

■■ The statutes of Virginia pertaining to dower and its commutation do not significantly differ from the statutes of the several states considered by the Courts of Appeals in the above mentioned cases. The District Court correctly interpreted the Virginia law as follows:

"It is well settled that until the widow's dower has been assigned to her her dower right is merely a right to sue for and compel the setting aside to her of her dower interest. It is not an estate in itself. 6 Michie's Jurisprudence, p. 370; 1 Minor on Real Property (2d Ed. Ribble) 405. When assigned it becomes a life estate in the lands assigned. But prior to that time it has attached to nothing, although it is a right vested in the widow." [6]

■ The statutes of Virginia accorded the widow a number of rights which became effective at the moment of the decedent's death. She had the right to take under the decedent's will, which conferred upon her only a life estate. She had a right to renounce the will and upon doing so she had a right to dower.[7] The right to dower, sometimes called dower consummate, was a vested right. Her dower, however, was not an estate or an interest in any specific land. It could not become a life estate in realty until it was laid off and assigned in kind.

At the time of the decedent's death dower could not be assigned in kind since the land was not susceptible to assignment. Thus, at the time of the decedent's death the widow did not have an estate or interest for life in one-third of the decedent's realty, nor could she ever acquire such an interest for the reason that it was impossible to assign her dower in kind. In the final analysis, it appears that at the time of the decedent's death the widow had a right to the commuted value of her dower. The commutation of her dower was not a conversion or sale of her life interest. Her commuted dower was paid to her in cash. Her right to it is absolute and non-terminable. It qualifies as a marital deduction.

Jackson v. United States, 376 U.S. 503, 84 S.Ct. 869, 11 L.Ed.2d 871 (1964) does not require a different conclusion. In that case the Court held that a widow's allowance under California law did not qualify for the marital deduction. The reasons which caused disqualification are stated at 376 U.S. 506, 84 S.Ct. at 871:

"We accept the Court of Appeals description of the nature and characteristics of the widow's allowance under California law. In that State, the right to a widow's allowance is not a vested right and nothing accrues before the order granting it. The right to an allowance is lost when the one for whom it is asked has lost the status upon which the right depends. If a widow dies or remarries prior to securing an order for a widow's allowance, the right does not survive such death or remarriage. The amount of the widow's allowance which has accrued and is unpaid at the date of death of the widow is payable to her estate but the right to future payments

---

**6.** First National Exchange Bank of Roanoke v. United States, 217 F.Supp. 604, 612 (W.D.Va.1963).

**7.** The election of the widow to renounce the will did not prevent her dower and the personal property which she received from being an interest passing to her from her husband. 23 C.F.R. § 2056(e)–

2(c). The Government concedes that the widow's election to take against her husband's will and to take her dower relates back to the date of the husband's death. No claim is made that the personal property which the widow received upon renunciation of the will failed to qualify for the marital deduction.

abates upon her death. The remarriage of a widow subsequent to an order for an allowance likewise abates her right to future payments. * * *

"In light of these characteristics of the California widow's allowance, Mrs. Richards did not have an indefeasible interest in property at the moment of her husband's death since either her death or remarriage would defeat it. If the order for support allowance had been entered on the day of her husband's death, her death or remarriage at any time within two years thereafter would terminate that portion of the interest allocable to the remainder of the two-year period. As of the date of Mr. Richards' death, therefore, the allowance was subject to failure or termination 'upon the occurrence of an event or contingency.' That the support order was entered in this case 14 months later does not, in our opinion, change the defeasible nature of the interest."

The characteristics of the widow's allowance described in Jackson differ materially from the right of the widow in this case. The right to a widow's allowance in Jackson is not a vested right and nothing accrues before the order granting it. Here the right to dower, however, vested at the time of the husband's death. As the Supreme Court pointed out, if the order in Jackson for the widow's allowance had been entered on the day of her husband's death, her death or remarriage at any time within two years would terminate a portion of the allowance. In this case, to the contrary, if the order paying the commuted dower had been entered on the day of the decedent's death, the widow's death or remarriage would not divest her or her estate of the money which she had received.

The inclusion of the commuted value of the widow's dower in the marital deduction is consistent with the intent of Congress to achieve uniformity among married taxpayers in common law states and community property jurisdictions.

See Dougherty v. United States, 292 F.2d 331, 337 (6th Cir. 1961), United States v. Crosby, 257 F.2d 515, 518 (5th Cir. 1958).

Affirmed.